COMMONWEALTH of Pennsylvania,
Appellee,

v.

Raymond William PARKER, Appellant.

Superior Court of Pennsylvania.

Submitted May 26, 1998.
Filed Oct. 13, 1998.

John R. Merrick, Public Defender, Kennett Square, for appellant.

Stuart B. Suss, Asst. Dist. Atty., West Chester, for Com., appellee.

Before JOHNSON, JOYCE and BECK, JJ.

BECK, Judge:

In this direct appeal we are asked to address the constitutionality of a recidivist statute, 42 Pa.C.S.A. § 9714, "Sentences for second and subsequent offenses," as applied to the facts of this case. Appellant was convicted of a third robbery and sentenced to twenty-five to fifty years' imprisonment. In bringing this challenge he argues that his sentence amounts to cruel and unusual punishment in violation of the eighth amendment to the United States Constitution and Article

I, section 13 of the Constitution of Pennsylvania. Finding no constitutional fault, we affirm.

A jury convicted appellant of robbery,[1] theft, receiving stolen property, simple assault, and terroristic threats. Appellant was sentenced under the recidivist provision of 42 Pa.C.S.A. § 9714(a)(2), and received the mandatory minimum sentence of twenty-five to fifty years. The pertinent language of the statute in issue reads:

(a) **Mandatory sentence.-**

(1) Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence and has not rebutted the presumption of high dangerous offender as provided in subsection (c), be sentenced to a minimum sentence of at least ten years of total confinement. . . .

(2) Where the person had at the time of the commission of the current offense previously been convicted of two or more such crimes of violence arising from separate criminal transactions, the person shall be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this statute or other statute to the contrary. Proof that the offender received notice of or otherwise knew or should have known of the penalties under this paragraph shall not be required. Upon conviction for a third or subsequent crime of violence the court may, if it determines that 25 years of total confinement is insufficient to protect the public safety, sentence the offender to life imprisonment without parole.

(a.1) **Mandatory maximum.-**An offender sentenced to a mandatory minimum sentence under this section shall be sentenced to a maximum sentence equal to twice the mandatory minimum sentence, notwithstanding 19 Pa.C.S. § 1103 (relating to sentence of imprisonment for felony) or any other provision of this title or other statute to the contrary.

. . . .

(g) **Definition.-**As used in this section, the term "crime of violence" means . . . robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i),(ii) or (iii) (relating to robbery) . . . or an equivalent crime in another jurisdiction.

The events underlying this conviction and appeal are as follows: Appellant entered the Phoenixville Federal Savings Bank in Chester County and held up one of the tellers. Keeping one hand beneath his jacket as if he were carrying a firearm, he ordered the teller to hand over money, indicated that he had a gun, and stated that no one would get hurt if she complied with his order. She testified at trial that she was terrified by the threat, and handed over approximately $3200. The accosted teller, a second teller, and another witness who saw appellant shortly after he left the bank identified appellant as the man who held up the bank. A police officer arrested appellant and another defendant a little later on a bus near King of Prussia Plaza. At the time of his arrest appellant had $3,074 in his possession. These facts led the jury to find appellant guilty of robbery as defined in 18 Pa.C.S.A. § 3701(a)(1)(ii); that is, in the course of committing a theft he had threatened or intentionally put another in fear of immediate serious bodily injury.

At the time of sentencing, appellant's counsel stipulated that in 1969 appellant was convicted of robbery in Oklahoma and in 1978 he pleaded guilty to armed robbery, under 18 Pa.C.S.A. § 3701(a)(1)(ii) in Chester County.[2] Both of these crimes of violence make the recidivist statute in issue, § 9714, applicable to appellant.

---

1. 18 Pa.C.S.A. § 3701(a).

2. Appellant had also entered a guilty plea for burglary of a residence in Pennsylvania in 1984. At the time, the Commonwealth introduced an affidavit of probable cause which indicated that the residence may have been occupied at the time of the burglary. This offense would constitute another crime of violence if the residence were, in fact, occupied, but the offense was not counted as a prior offense in the application of the recidivist statute in issue. Appellant does not argue, and we do not address, whether the dates of his past convictions fall within the limitations of 42 Pa.C.S.A. § 9714(b)(2) which limits the previous convictions to those that occurred within seven years of the instant offense, excluding from the computation that time during which the offender was incarcerated or on probation or parole.

On appeal appellant argues that his sentence is unconstitutionally disproportionate to the crime. He maintains the robbery does not justify such a long sentence because of its non-violent nature. He points out that he did not visibly possess a firearm and he did not physically harm nor attempt to harm anyone.

We begin by noting that the Pennsylvania Supreme Court has held that Article I, § 13 of the Pennsylvania Constitution provides no broader protection against cruel and unusual punishment than does the eighth amendment of the United States Constitution. *Commonwealth v. Zettlemoyer*, 500 Pa. 16, 454 A.2d 937 (1982). Therefore our analysis of this case under the United States constitution is applicable to the state constitution and we need not engage in a separate state constitutional review.

Recidivist statutes, which have been adopted in all fifty states, are not inherently unconstitutional. The policy behind them is to punish more severely defendants who are repeat offenders. Recidivist statutes serve notice on defendants that if they continue their criminal behavior they will be dealt with more harshly by the law. By incapacitating habitual criminals, citizens are safeguarded from defendants' repeated criminal activity. Recidivist statutes have repeatedly been upheld against contentions that they violate constitutional limitations on cruel and unusual punishment. *Parke v. Raley*, 506 U.S. 20, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992).

■ In arguing that the statute's application is unconstitutional, appellant asserts that the sentence he received for his robbery conviction is disproportionate to the nature of the crime because the crime was not violent. We examine appellant's argument bearing in mind that "the Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences which are grossly disproportionate to the crime." *Commonwealth v. Hall*, 549 Pa. 269, 306–07, 701 A.2d 190, 209 (1997), quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001, 111 S.Ct. 2680, 2705, 115 L.Ed.2d 836, —— (1991).

In Pennsylvania, the case law on proportionality is sparse. It was addressed in *Commonwealth v. Spells*, 417 Pa.Super. 233, 612 A.2d 458 (Pa.Super.1992) (en banc), albeit in a different context. The lesson *Spells* teaches is that only gross disproportionality between crime and sentence raises a constitutional challenge.

In *Spells* the defendant pulled the trigger of a loaded gun aimed directly at her husband's head. The husband avoided death because the weapon had a tight trigger which the defendant could not operate. Spells was convicted of aggravated assault. Under the facts of the case, she could have been, but was not, charged with and convicted of attempted murder. She was sentenced for aggravated assault under a provision of the Code entitled, **"Sentences for Offenses Committed with Firearms,"** 42 Pa.C.S.A. § 9712. Spells argued that the mandatory five year to ten year sentence for aggravated assault was unconstitutionally disproportionate to the crime because the crime of attempted murder, with which she was not charged, carried no mandatory sentence. She argued that aggravated assault was a lesser included offense of attempted murder and therefore the sentence for the lesser crime, aggravated assault, of which she was found guilty, was disproportionate to the severity of the crime.[3]

Relying on the United States Supreme Court decision in *Harmelin v. Michigan*,[4] *supra*, the *Spells* court found no disproportionality. *Harmelin* recognized that the criteria for examining the proportionality of a sentence were established in *Solem v. Helm*,

---

3. The *Spells* court held that appellant's analysis, which required a comparison between the sentences for aggravated assault and attempted murder, was incorrect and that a comparative analysis is "appropriate only in the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality ...." *Id.* 612 A.2d at 463.

4. In *Harmelin*, Justice Kennedy was joined only by Justices O'Connor and Souter, making his opinion non-precedential. However, the *Spells* court adopted Kennedy's analysis as the precedential standard in Pennsylvania for measuring proportionality.

463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).[5] *Solem* instructed that a court must consider: (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals for the commission of the same crime in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions. In *Harmelin, supra,* Justice Kennedy held that the *Solem* criteria did not form a mandatory and rigid three-part test. Rather, in determining whether a punishment is disproportionate, the comparative test of *Solem* may not be necessary, and is required only after a showing that raises an inference of gross disproportionality. Following Justice Kennedy in *Harmelin, Spells* held that when such gross disproportionality is not shown, the second and third prongs of *Solem* are not necessary.

▮ We now examine whether appellant's sentence under the recidivist statute in the instant case, 42 Pa.C.S.A. § 9714, leads to an inference of gross disproportionality. In other words, we examine whether the punishment fits the crime. We begin with the acknowledgement that the "fixing of prison terms for specific crimes involves a substantive penological judgment that, as a general matter, is properly within the province of the legislatures, not courts." *Spells, supra* 612 A.2d at 462, quoting *Rummel v. Estelle,* 445 U.S. 263, 275–76, 100 S.Ct. 1133, 1140, 63 L.Ed.2d 382, 391–92 (1980). Courts must pay due deference to legislative pronouncements on sentencing.

▮ Appellant committed robbery, which is graded as a felony of the first degree and listed among those offenses characterized as crimes of violence in subsection (g) of the recidivist statute. 42 Pa.C.S. § 9714(g). Appellant would like us to interpret the legislative mandate as applying to crimes where the Commonwealth has shown actual violence, not to crimes which merely show the potential for violence. We are not persuaded by appellant's argument. Appellant wants us to ignore the fact that he was convicted of a crime requiring proof that in committing a theft he threatened or intentionally put an-

other in fear of immediate serious bodily injury. 18 Pa.C.S.A. § 3701(a)(1)(ii). Neither the sentencing court nor this appellate court can, for sentencing purposes, reconstruct the elements of the crime to match the appellant's version of the facts of the crime. Therefore, we reject appellant's argument that since no actual violence occurred, the crime should not be considered violent. In light of appellant's third conviction for a violent crime, we cannot say that his sentence was grossly disproportionate and therefore amounted to cruel and unusual punishment. Appellant's conduct constituted robbery which we, as we must, view as a crime of violence.

Appellant committed at least three crimes that are classified as violent. He does not challenge the fact that the first one occurred nearly thirty years ago and we therefore do not consider that circumstance. Appellant by definition is a habitual offender and the policy of the law is to punish severely individuals who repeat certain criminal behavior. We therefore hold that appellant's mandatory minimum sentence of twenty-five to fifty years for his third crime of robbery is not so grossly disproportionate that it requires further inquiry or analysis. The sentence does not violate the prohibition against cruel and unusual punishment in the eighth amendment to the United States Constitution and Article I, section 13 of the Pennsylvania Constitution.

Appellant's second issue in this appeal is that he was denied due process of law under the fifth and fourteenth amendments of the United States Constitution and Article I, section 9 of the Pennsylvania Constitution. The basis for this claim is that the trial court declared a mistrial, and then immediately started a new trial, denying appellant's request for a continuance so that a transcript of the first aborted trial could be prepared for his use in cross-examination.

Appellant's first trial ended in a mistrial quite early in the proceedings because a police officer testified that appellant had been

5. For example, in *Solem, supra,* the United States Supreme Court found that a life sentence for a seven-time offender who had committed a relatively minor criminal offense, uttering a "no ac- count" check for $100, was so disproportionate to the bad check crime that it violated the Eighth Amendment.

**1270**

recognized and identified by another police officer as one who had been involved in a prior robbery.

 The decision to grant or deny a continuance is within the discretion of the trial court and will not be reversed on appeal absent a showing of an abuse of that authority. *Commonwealth v. Chambers*, 546 Pa. 370, 685 A.2d 96 (1996). A case-by-case approach is the method by which a claim of abuse of discretion relating to a defendant's request for a continuance is to be reviewed. *Commonwealth v. Wolfe*, 301 Pa.Super. 187, 447 A.2d 305 (Pa.Super.1982).

 Reviewing the circumstances of this particular mistrial and new trial, we find that the first trial lasted a little over two hours and consisted of the testimony of four witnesses which, taken together, amounted to fifty-eight pages. All of the witnesses testified in the same manner in the second trial. Appellant makes no claim of a significant variation in the testimony of any of the four witnesses and makes no showing of prejudice in the absence of the transcript. The new trial began within two hours of the declaration of a mistrial, so that the earlier testimony was still fresh in the minds of defense counsel and the prosecuting attorney. The court reporter was available to read back any portion of the earlier testimony. Appellant presents no case law that supports his position that he was entitled to a transcript under the circumstances of this case. We therefore reject his second claim and affirm the judgment of sentence of the trial court.

Judgment of sentence affirmed.