J-S72037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARON MARQUISE DERRY | : | |
| | : | No. 803 EDA 2017 |
| Appellant | | |

Appeal from the Judgment of Sentence February 3, 2017
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0004685-2016

BEFORE:   BENDER, P.J.E., MUSMANNO, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                **FILED DECEMBER 27, 2017**

Appellant Daron Marquise Derry appeals from the judgment of sentence entered in the Court of Common Pleas of Bucks County after Appellant entered a negotiated guilty plea.  Appellant's counsel seeks to withdraw his representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 602 Pa. 159, 978 A.2d 349 (2009).  After careful review, we grant counsel's petition to withdraw and affirm the judgment of sentence.

On June 12, 2016, Lower Southhampton police officers attempted to stop Appellant's vehicle after observing his erratic driving.  When the officers made contact, Appellant fled from the police on foot.  After Appellant was apprehended, the officers determined that Appellant was under the influence of drugs to a degree that impaired his ability to safely drive.  Appellant

_____
*   Former Justice specially assigned to the Superior Court.

subsequently consented to blood testing which revealed his blood contained Alprazolam (100 ng/mL), THC (1.3 ng/mL), and THC metabolite (19 ng/mL).

As a result of the vehicle stop, the officers discovered that Appellant was in possession of a stolen vehicle. In addition, the officers recovered other stolen items in the vehicle, which allowed them to connect Appellant to the nighttime burglaries of two separate residences, one of which was occupied by a sleeping family at the time Appellant entered without permission.

On October 17, 2016, Appellant entered a negotiated guilty plea to two counts of burglary,[1] two counts of theft by unlawful taking,[2] and three counts of Driving Under the Influence of a controlled substance (DUI).[3] The Commonwealth notified Appellant that it would seek the mandatory minimum for a second-strike offense in accordance with 42 Pa.C.S.A. § 9714(a)(1) as Appellant had a prior qualifying conviction for the burglary of an occupied residence. Notably, Appellant was paroled in that matter on April 11, 2016, and committed the instant offenses two months later on June 12, 2016.

On February 3, 2017, the lower court imposed Appellant's negotiated sentence of ten to twenty years' incarceration for Burglary – Overnight Accommodation, Person Present as well as a concurrent sentence of seventy-

---

[1] 18 Pa.C.S.A. §§ 3502(a)(1) (Burglary – Overnight Accommodation, Person Present), 3502(a)(2) (Burglary – Overnight Accommodation, Person Not Present).
[2] 18 Pa.C.S.A. § 3921(a)(1).
[3] 75 Pa.C.S.A. §§ 3802(d)(1)(i), 3802(d)(1)(iii), 3802(d)(2).

two hours to six months imprisonment for DUI under 75 Pa.C.S.A. § 3802(d)(2).[4]  Appellant did not file a post-sentence motion, but instead filed this timely appeal.

Appellant complied with the trial court's direction to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), in which he argued that his negotiated sentence of ten to twenty years' imprisonment for burglary under Pennsylvania's habitual offender statute constituted cruel and unusual punishment under the U.S. and Pennsylvania Constitutions.  Thereafter, Appellant's counsel filed a motion to withdraw his representation along with an **Anders** brief, conceding that after diligent investigation of the grounds for appeal, he found this appeal to be frivolous.

As an initial matter, we must first review counsel's request to withdraw before evaluating the merits of this appeal.  **Commonwealth v. Rojas**, 874 A.2d 638, 639 (Pa.Super. 2005) (citation omitted) (stating "[w]hen faced with a purported **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw").  An attorney who seeks to withdraw on appeal must comply with the following procedural requirements:

> Counsel must: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or

---

[4] Appellant's convictions in this case also served as direct and technical violations of his probation and parole in other cases.

raise additional arguments that the defendant deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*) (citation omitted). In addition, our Supreme Court stated in *Santiago* that an *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 178-79, 978 A.2d at 361.

On appeal, defense counsel filed an *Anders* brief in which he included a request to withdraw his representation. In the brief, counsel avers that he "has diligently investigated the possible grounds for appeal and finds that this appeal is frivolous." *Anders* brief at 19. Counsel forwarded a copy of the *Anders* Brief to Appellant together with a letter explaining that while counsel had requested to withdraw his representation, Appellant had his right to proceed *pro se* or with new, privately-retained counsel to raise any additional points or arguments that Appellant believed had merit. *See id.* at 15; *see also* attached letter to Appellant.

In the *Anders* brief, counsel provides a summary of the facts and procedural history of the case with citations to the record, refers to evidence of record that might arguably support the issue raised on appeal, provides citation to relevant case law, and states his reasoning for his conclusion that

this appeal is wholly frivolous. Accordingly, we find counsel has complied with the technical requirements of **Anders** and **Santiago**. Appellant filed neither a *pro se* brief nor a counseled brief with new, privately-retained counsel. We proceed to examine the issue of arguable merit identified in the **Anders** Brief.

Appellant wished to challenge his mandatory minimum sentence that was imposed pursuant to Pennsylvania's habitual offender statute at 42 Pa.C.S.A. § 9714, which provides in pertinent part:

> (1) Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Upon a second conviction for a crime of violence, the court shall give the person oral and written notice of the penalties under this section for a third conviction for a crime of violence. Failure to provide such notice shall not render the offender ineligible to be sentenced under paragraph (2).

42 Pa.C.S.A. § 9714(a)(1). This statute provides that "[t]here shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence. 42 Pa.C.S.A. § 9714(e).

More specifically, Appellant argued that the mandatory sentence imposed for his second strike offense pursuant to Section 9714(a)(1) is unconstitutional as cruel and unusual punishment under the United States and Pennsylvania Constitutions. This Court has held that "a claim that a sentence constitutes cruel and unusual punishment raises a question of the legality of the sentence … and may be raised for the first time on appeal." **See**

*Commonwealth v. Lankford*, 164 A.3d 1250, 1252 n.5 (Pa.Super. 2017) (citing *Commonwealth v. Brown*, 71 A.3d 1009, 1016 (Pa.Super. 2013)). Although Appellant agreed to this sentence as a part of his negotiated plea agreement, we will not find his challenge on appeal to be waived. *See Commonwealth v. Langston*, 904 A.2d 917 (Pa.Super. 2008), *abrogated on other grounds by Commonwealth v. Holmes*, 155 A.3d 69 (Pa.Super. 2017) (finding that "[w]here a defendant has agreed to an allegedly illegal sentence [as part of a plea negotiation], he or she is not thereafter precluded from raising the issue on appeal").

In evaluating a challenge to the constitutionality of a statute, we are guided by the following standard:

> [a] presumption exists "[t]hat the General Assembly does not intend to violate the Constitution of the United States or of this Commonwealth" when promulgating legislation. 1 Pa.C.S. § 1922(3). Duly enacted legislation is presumed valid, and unless it clearly, palpably and plainly violates the Constitution, it will not be declared unconstitutional. *Commonwealth v. Davidson*, 595 Pa. 1, 938 A.2d 198, 207 (2007). Accordingly, the party challenging the constitutionality of a statute bears a heavy burden of persuasion. *Id.*

*Commonwealth v. Baker*, 621 Pa. 401, 411, 78 A.3d 1044, 1050 (2013).

Our courts have recognized that the general purpose of recidivist sentence laws is "to punish offenses more severely when the defendant has exhibited an unwillingness to reform his miscreant ways and to conform his life according to the law." *Commonwealth v. Shiffler*, 583 Pa. 478, 494, 879 A.2d 185, 195 (2005).

Recidivist statutes, which have been adopted in all fifty states, are not inherently unconstitutional. The policy behind them is to punish more severely defendants who are repeat offenders. Recidivist statutes serve notice on defendants that if they continue their criminal behavior they will be dealt with more harshly by the law. By incapacitating habitual criminals, citizens are safeguarded from defendants' repeated criminal activity. Recidivist statutes have repeatedly been upheld against contentions that they violate constitutional limitations on cruel and unusual punishment.

*Commonwealth v. Baker*, 24 A.3d 1006, 1026 (Pa.Super. 2011), *affirmed*, 621 Pa. 401, 78 A.3d 1044 (2013) (quoting *Commonwealth v. Parker*, 718 A.2d 1266, 1268 (Pa.Super. 1998) (*citing Parke v. Raley*, 506 U.S. 20, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992))).

This Court has summarized both federal and Pennsylvania precedent with respect to claims that a sentence constitutes cruel and unusual punishment:

Article 1, Section 13 of the Pennsylvania Constitution provides "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted." P.A. Const. art. I, § 13. "[T]he guarantee against cruel punishment contained in the Pennsylvania Constitution, Article 1, Section 13, provides no broader protections against cruel and unusual punishment than those extended under the Eighth Amendment to the United States Constitution." *Commonwealth v. Spells*, 417 Pa.Super. 233, 612 A.2d 458, 461 (1992). The Eighth Amendment does not require strict proportionality between the crime committed and the sentence imposed; rather, it forbids only extreme sentences that are *grossly disproportionate* to the crime. *See Commonwealth v. Hall*, 549 Pa. 269, 701 A.2d 190, 209 (1997) (citing *Harmelin v. Michigan*, 501 U.S. 957, 1001, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991)) (emphasis added).

In *Commonwealth v. Spells*, 417 Pa.Super. 233, 612 A.2d 458, 462 (1992) (en banc), this Court applied the three-prong test for Eighth Amendment proportionality review set forth by the United

States Supreme Court in **Solem v. Helm**, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983):

> [A] court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions.

> **Spells**, 612 A.2d at 462 (quoting **Solem**, 463 U.S. at 292, 103 S.Ct. 3001). However, this Court is not obligated to reach the second and third prongs of the **Spells** test unless "a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." **Spells**, **supra** at 463 (citation omitted).

**Lankford**, 164 A.3d at 1252–53.

In **Baker**, our Supreme Court rejected a constitutional challenge to the recidivist sentencing provision in 42 Pa.C.S.A. § 9718.2, which provides mandatory minimum sentencing for certain sexual offenders. The High Court concluded that the threshold comparison of the gravity of the appellant's second conviction of possession of child pornography with the imposition of the mandatory minimum sentence of twenty-five years pursuant to Section 9718.2 did not lead to an inference of gross disproportionality. **Baker**, 621 Pa. at 415, 78 A.3d at 1052. As a result, the Supreme Court did not find it necessary to discuss the remaining prongs of the proportionality review test under the Eighth Amendment.

In this case, Appellant was subject to this mandatory minimum sentence under the habitual offender statute at 42 Pa.C.S.A. § 9714 as he pled guilty to a crime of violence, more specifically, burglary as defined in 18 Pa.C.S.A. §

3502(a)(1) (Burglary – Overnight Accommodation, Person Present).  This was Appellant's second conviction of a crime of violence as he had previously been convicted for the very same charge.

When considering the gravity of the offense, we reiterate that Appellant burglarized two residences during the evening of June 12, 2016, stealing various pieces of property, including cash, wallets, purses, cameras, personal documents, and a vehicle.  The prosecution pursued the mandatory minimum in this case as Appellant committed one of the burglaries on a home where a family was present and sleeping.  Appellant fails to recognize the danger posed by his criminal conduct in breaking into a home in which its residents are present.  Although Appellant was able to ransack the home unbeknownst to the sleeping victims, Appellant is fortunate that he did not encounter one of the residents which could have led to violence and a tragic result.

Moreover, the fact that Appellant committed these two burglaries just two months after he was paroled on his prior conviction for burglarizing an occupied home, demonstrates the appropriateness of heightened punishment for a repeat offender as it showed Appellant's "unwillingness to reform his miscreant ways and to conform his life according to the law." ***Shiffler***, 879 A.2d at 1925.

To determine whether an inference of gross proportionality is raised, we compare the gravity of Appellant's offense to his punishment, which was ten to twenty years' imprisonment.  As Appellant was nearly twenty-one years old at sentencing, he will be eligible for parole on at the expiration of his minimum

sentence shortly after he turns thirty years old, giving him reasonable opportunity to be released back into society for the remainder of his lifetime.

For the foregoing reasons, we find that a threshold comparison of the crime committed and the sentence imposed does not lead to an inference of gross proportionality. **See Spells**, **supra**. Thus, we are not required to reach the second and third prongs of the test for proportionality review under the Eighth Amendment. Therefore, we conclude Appellant's sentence does not offend the prohibition against cruel and unusual punishment in the Eighth Amendment of the United States Constitution or Article 1, Section 13 of the Pennsylvania Constitution.

We have conducted an independent review of the issue identified by counsel in his **Anders** brief and agree that it does not have arguable merit. Appellant did not file a response to counsel's **Anders** brief and request to withdraw. Accordingly, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

Date: 12/27/2017

- 10 -