J-S65042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARQUELL ROBERT RENTAS | : | |
| | : | |
| Appellant | : | No. 62 MDA 2018 |

Appeal from the Judgment of Sentence Entered November 1, 2017
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0004356-2016

BEFORE:  SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED FEBRUARY 15, 2019**

Marquell Robert Rentas appeals from the judgment of sentence entered following his convictions for assault of a law enforcement officer[1] and related offenses. Roberts argues that the mandatory minimum sentence of 20 years' incarceration imposed by the court pursuant to 42 Pa.C.S.A. § 9719.1 is unconstitutional. We affirm.

The evidence presented at Rentas's jury trial established that on July 29, 2016, when Rentas was 17 years old, he, "without provocation, fired a high-powered rifle at [West Hempfield Township Sergeant Timothy Coyle], with the intent to kill him." Trial Court Opinion, filed March 6, 2018, at 4 (unpaginated). Sergeant Coyle was not injured in the shooting. The jury convicted Rentas of assaulting a law enforcement officer under 18 Pa.C.S.A.

_____

[1] 18 Pa.C.S.A. § 2702.1(a).

§ 2702.1(a) for "attempt[ing] to cause . . . bodily injury to a law enforcement officer, while in the performance of duty and with knowledge that the victim is a law enforcement officer, by discharging a firearm." 18 Pa.C.S.A. § 2702.1(a). Accordingly, the trial court thereafter sentenced Rentas under 42 Pa.C.S.A. § 9719.1(a), which provides that anyone convicted of assault of a law enforcement officer under 18 Pa.C.S.A. § 2702.1(a) be sentenced to a mandatory minimum term of 20 years' imprisonment. ***See*** 42 Pa.C.S.A. § 9719.1(a).

Rentas appealed, and raises a sole issue:

> In the context of imposing sentence for assault[ing a] law enforcement officer, does Pennsylvania's entire sentencing scheme violate Mr. Rentas's constitutional rights to equal protection of the laws and [his] right against cruel and unusual punishment because it imposes a vastly greater sentence for assaulting a law enforcement officer by discharging a firearm without an injury occurring by means of the 20 year mandatory provision at 42 Pa.C.S.[A. § ]9719.1 than it does for other serious, violent crimes against law enforcement officers where injur[i]es occurred?

Rentas's Br. at 6. Rentas argues that several other crimes which actually result in serious bodily injury to law enforcement officers—such as attempted homicide of a law enforcement officer and aggravated assault of a law enforcement officer—do not carry mandatory minimum sentences, and offenders convicted of those crimes can receive minimum sentences of incarceration as low as three years. Rentas further argues that "[t]he vast

majority of other states do not have a sentencing scheme akin to Pennsylvania's for discharging a firearm at law enforcement." *Id.* at 17.[2]

The constitutionality of a statute is a question of law, over which we exercise plenary and *de novo* review. *Commonwealth v. Grove*, 170 A.3d 1127, 1141, 1144 (Pa.Super. 2017). We are guided by the principle that statutes are presumptively constitutional, and will not be deemed unconstitutional absent a clear, palpable, and plain showing of unconstitutionality. *Id.* at 1144-45.

We first address Rentas's claim that his mandatory minimum sentence violates equal protection under the Pennsylvania and federal constitutions. *See* U.S. Const. amend. XIV, § 1; Pa.Const. art. 1, § 26.[3] The guarantee of equal protection "requires that uniform treatment be given to similarly situated parties." *Grove*, 170 A.3d at 1144 (quoting *Commonwealth v. Kramer*, 378 A.2d 824, 826 (Pa. 1977)). Legislators may "resort[] to legislative classifications, provided that those classifications are reasonable rather than arbitrary and bear a reasonable relationship to the object of the legislation." *Id.* (quoting *Curtis v. Kline*, 666 A.2d 265, 267-68 (Pa. 1995)). Rentas's claim that Pennsylvania's legislative scheme imposes a harsher

---

[2] Rentas asserts that the standards for assessing a violation of equal protection and the prohibition against cruel and unusual punishment overlap because both require "rationality" within a legislative scheme. We reject the invitation to analyze these constitutional precepts using only a broad "rationality" standard.

[3] Both provisions are analyzed using the same standards. *Grove*, 170 A.3d at 1144.

penalty upon him for using a firearm than for not using a firearm does not implicate a suspect class or fundamental right, and we therefore engage in a rational basis analysis. *See Commonwealth v. Bullock*, 913 A.2d 207, 215 (Pa. 2006).

We have previously held that a rational basis exists for applying enhanced penalties to offenses committed using firearms. *See Commonwealth v. Irving*, 500 A.2d 868, 872 (Pa.Super. 1985); *Commonwealth v. Norris*, 499 A.2d 644, 647 (Pa.Super. 1985). We reassert today that the basis for imposing a severe penalty where an offender attempts to injure a police officer through the discharge of a firearm, regardless of whether injury occurred, is entirely rational.

We next address Rentas's argument that the imposition of the mandatory minimum violates the constitutional prohibitions against cruel and unusual punishment. U.S. Const. Amend. VIII; Pa. Const. Art. 1, § 13.[4] These provisions do not require "strict proportionality between the crime committed and the sentence imposed." *Commonwealth v. Succi*, 173 A.3d 269, 285 (Pa.Super. 2017) (quoting *Commonwealth v. Baker*, 78 A.3d 1044, 1047 (Pa. 2013)). Rather, a sentence constitutes cruel and unusual punishment if it is "grossly disproportionate to the crime," as evidenced by examination of "(i) the gravity of the offense and the harshness of the penalty; (ii) the

---

[4] The protections against cruel and unusual punishment provided by the federal and state constitutions are coterminous. *Commonwealth v. Elia*, 83 A.3d 254, 267 (Pa.Super. 2013).

sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." *Id.* (quoting *Baker*, 78 A.3d at 1047). A court need not examine the latter criteria without a threshold showing if gross disproportionality between the gravity of the offense and resulting penalty. *Id.*

Rentas's argument is premised solely on the comparison of the sentence for assault of a law enforcement officer with sentences imposed for other crimes, and he has thus failed to establish as a threshold matter how his 20-year sentence is grossly disproportionate to his crime of attempting to severely injure or kill a law enforcement officer by firing a high-powered rifle at him. That the Crimes Code may contain discrepancies within its sentencing provisions is irrelevant to this inquiry. *See Elia*, 83 A.3d at 269.

To the extent that Rentas posits his sentence was grossly disproportionate simply because the victim was uninjured in this case, we have previously rejected this assertion and reaffirm that rejection. *See Commonwealth v. Parker*, 718 A.2d 1266, 1269 (Pa.Super. 1998) (rejecting argument "that since no actual violence occurred, the crime should not be considered violent"; finding 25-year minimum sentence for third robbery conviction, where defendant did not possess a firearm or attempt to harm anyone during bank robbery, not so grossly disproportionate as to require further constitutional analysis). Because a 20-year mandatory

minimum is not grossly disproportionate to Rentas's crime, the court's imposition of that sentence was not cruel and unusual.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/15/2019